Hudson-Spring Partners, L.P. v P+M Design Consultants, Inc. (2021 NY Slip Op 02744)





Hudson-Spring Partners, L.P. v P+M Design Consultants, Inc.


2021 NY Slip Op 02744


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 652229/10 Appeal No. 13724-13724A Case No. 2020-01501 2020-01506 

[*1]Hudson-Spring Partners, L.P. Now Known as Connection Partners, LLC, Plaintiff-Respondent,
v
P+M Design Consultants, Inc., et al., Defendants-Appellants, John Does et al., Defendants.


Law Offices of Edward Weissman, New York (Edward Weissman of counsel), for appellants.
Law Office of Allan J. Berlowitz, New York (Joshua E. Fingold of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered January 14, 2020, in favor of plaintiff and against defendants, jointly and severally, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 13, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The adverse inference adopted by the trial court was an appropriate sanction for the loss or destruction of building maintenance records for the relevant time period. The trial court assumed that "plaintiff did not maintain the premises in the manner it was legally obligated to do." However, this did not absolve defendants from their burden of
proving the other elements of their constructive eviction defense/counterclaim — namely, that plaintiff's failure to maintain the premises substantially and materially deprived them of the beneficial use and enjoyment thereof and that it was this failure that compelled them to move (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]; M.Y. Realty Corp. v Atlantic First Fin. Corp., 19 AD3d 156 [1st Dept 2005]; Cut-Outs, Inc. v Man Yun Real Estate Corp., 286 AD2d 258, 261-263 [1st Dept 2001], lv denied 100 NY2d 507 [2003]).
The record supports the court's conclusion, based in part on its credibility determinations, to which we defer, that defendants failed to meet their burden and that the maintenance issues were not the reason they left. Defendants presented evidence that they experienced numerous unpleasant issues from 2007 onward, which drove them to find a new space. However, evidence was also presented that many of these issues had been present for more than a decade, that defendants renewed their lease twice despite these issues, that defendants did not complain about these issues in the months preceding their departure or cite them as reasons therefor, and that defendants' motivation for leaving was the desire for a differently configured space. Moreover, plaintiff presented testimony by a disinterested witness that the building conditions were not as bad as defendants claimed. Defendants, by contrast, did not present any disinterested witness testimony.
Contrary to defendants' contention, the claim in the amended complaint for unpaid "rent" is properly read as including unpaid real estate taxes, which were designated as "additional rent" included in "rent" under the operative lease.
To the extent plaintiff seeks to dismiss this appeal due to a defective record, this request was already rejected by this Court on a prior motion. Although this Court permitted plaintiff to present its arguments regarding improperly included documents in its respondent's brief, the only documents plaintiff challenges are not necessary to the analysis above.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021